[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence December 15, 1993 Date of Application January 12, 1994 Date Application Filed January 12, 1994 Date of Decision November 22, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR 92-89463.
Carl T. Landolina, Esq., Defense Counsel, for Petitioner.
Anthony T. Martin, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After entering a guilty plea pursuant to the Alford doctrine to the charge of robbery in the 2nd degree in violation of G.S. § 53a-135, the petitioner was given a sentence of 8 years suspended after four with five years probation.
On December 22, 1992, the petitioner was in an automobile with others when they followed another automobile operated by the victim as he returned from a flea market in Massachusetts. When the victim pulled into his driveway in Windsor and began to unload his purchases, the victim was approached by two persons, one of whom was the petitioner. They attempted to subdue the victim while threatening him with a stick or pipe. The victim struggled, yelled for help and the two suspects left. After he called the police, the suspects' car was stopped and the victim identified two of the three occupants as the ones with whom he had struggled in his driveway earlier. The victim reported he thought the suspects were going to kill him as they made no attempt to disguise or hide their identities. At the time of his sentencing, the petitioner was 24 years old and a resident of Holyoke, Massachusetts with no prior CT Page 12796 criminal convictions. He was described by the victim as the one brandishing the stick or pipe and the more threatening of the two who approached him.
On behalf of Mr. Rodriguez, his counsel tells the division that the idea of robbing the victim was the brainchild of one of the other suspects. He admits his client got out of the car at the victim's home and that he was engaged in the struggle, but that he had no intent to effect contact with the victim. We are requested to reduce the sentence on the grounds that it is inappropriate when compared to the driver's sentence and the petitioner's lack of prior convictions.
The state points out that the incident involved an attempted theft from a person who was stalked across state lines and confronted at his own home. The victim's glasses were broken in the struggle and we are asked to note that it was the petitioner who wielded the stick or pipe at the 70 year old victim. We are asked to affirm on the grounds that this was a "serious crime" as pointed out by the sentencing judge, and that its commission was the result of the prior planning by the perpetrators.
Mr. Rodriguez addressed the division and expressed his remorse while stating his rehabilitation is well under way. He asks that his sentence be reduced because the court imposed too severe a sentence for a first offender.
After reviewing the record and hearing the parties, we find the sentence both fair and proportionate taking into account P.B. § 942. The armed confrontation of a citizen on his own property and the apparent willingness of the petitioner to attempt to steal by means of force is a strong indication that petitioner represents a threat to the public at large. His sentence essentially was less than half the maximum, considering the actual prison term he was ordered to serve. While it is laudable the petitioner feels rehabilitation has begun, the denunciatory and isolative purposes of sentencing also must be addressed.
Sentence affirmed.
Stanley, J.
Klaczak, J.
Norko, J. CT Page 12797
Stanley, J., Klaczak, J. and Norko, J. participated in this decision.